FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

01 FEB 26 AM 9: 48

U.S. DISTRICT COURT
N.D. OF ALABAMA

THE INSURANCE COMPANY OF THE     )
STATE OF PENNSYLVANIA,
                                 )
        PLAINTIFF,
                                 )
VS.                                        CV00-H-3220-S
                                 )
DUN/CAR HEARING & AIR
CONDITIONING, INC., a            )
corporation; DEWEY F. CARLISLE,
an individual; GLENDA A.         )
CARLISLE, an individual; and
WILLIE L. DUNCAN, an             )
individual,
                                 )
        DEFENDANTS.
                                 )

ENTERED

FEB 2 6 2001

## FINDINGS OF FACT AND
## CONCLUSIONS OF LAW

On November 13, 2000 plaintiff filed a complaint in this court naming in the body of the complaint each of the above four defendants but naming in the caption of the complaint only defendant Dun/Car Heating & Air Conditioning, Inc. ("Dun/Car"). In Count One of the complaint plaintiff sought $167,932.12 from the defendants pursuant to the General Contract of Indemnity attached to the complaint. In Count Two of the complaint plaintiff sought recovery of $150,000 from Dun/Car and Willie L. Duncan pursuant to a promissory note attached to the complaint. The summons and complaint were duly served on Glenda A. Carlisle

14

and Dewey F. Carlisle on November 13, 2000 and duly served on Willie L. Duncan and Dun/Car on November 21, 2000, all as reflected by the returns of service filed November 28, 2000. Defendants have failed to serve a response to the complaint.

On January 16, 2001 an amended complaint, styled as set forth above, was filed stating claims essentially identical to the claims in the original complaint against the same four defendants. Defendants Glenda A. Carlisle and Dewey F. Carlisle were duly served with the summons and amended complaint on January 16, 2001 and defendants Willie L. Duncan and Dun/Car were duly served with the summons and amended complaint on January 31, 2001, all as reflected by the returns of service filed February 1, 2001. Defendants have failed to serve a response to the amended complaint. Each of the defendants is in **DEFAULT** which is hereby **ENTERED**.

Based upon the affidavit of James A. Kisner filed February 21, 2001, plaintiff is entitled to reimbursement from the defendants, jointly and severally, in the sum of $176,157.35. Plaintiff is now entitled to a default judgment in such amount against Dun/Car and will be entitled to a default judgment in the same amount from each of the three individual defendants when a subsequent affidavit is filed by plaintiff satisfying the court that the individual defendant against whom the default judgment

is sought is not an infant, is not an incompetent person, and has not been in the military service of the United States since the filing of this suit and for a period of six months prior to such filing. The absence of such information as to the individual defendants will not prevent entry of a default judgment at this time against Dun/Car but the court reserves jurisdiction to enter judgments against the remaining three individual defendants when the conditions set forth above have been satisfied.

DONE this 26th day of February, 2001.

SENIOR UNITED STATES DISTRICT JUDGE

3